MOORE v. THE BURLINGTON & WESTERN R'Y CO.

1. **Railroads: HORSE DRIVEN INTO CATTLE GUARD: EVIDENCE.** Where one of several horses on defendant's right of way was injured by falling into a cattle guard, and there was evidence tending to show that a train had passed over the road during the night of the accident, the mere fact that the tracks of the horses showed that they were going fast, both before and after reaching the cattle guard, did not tend to prove that the horses were driven or frightened by a passing train.

*Appeal from Mahaska District Court.*

SATURDAY, JUNE 18.

ACTION to recover damages caused by the defendant's failure to fence its road, whereby a horse, the property of plaintiff, was injured. Trial by jury. Judgment for plaintiff, and defendant appeals.

*Kelly & Cooper* and *John F. Lacey*, for appellant.

*Bolton & McCoy*, for appellee.

SEEVERS, J.— The evidence shows that the horse was injured early in January, 1884, and that the railway was not fenced. It is not claimed that the horse was struck by the engine, or that the character of the injury would justify such an inference, but the plaintiff claims that the horse was frightened or driven along the railway by a train, and that, while running, he fell through a cattle-guard, and was injured. The court instructed the jury that, in order to entitle the plaintiff to recover, he must establish by a preponderance of the evidence that the horse was injured by being driven by one of the " defendant's trains into a cattle-guard."

The question, therefore, is material whether there is any evidence tending to sustain such proposition. The only evidence bearing on such question is as follows: There. were three horses together, only one of which, however, was injured. They were on the right of way, and their tracks " showed that they were going fast," both before the cattle-guard was reached and afterwards. The horse was injured in the night-time, and no person saw the occurrence. There is evidence tending to show that during the night-time a train passed over the road.

As the burden was on the plaintiff to show that the horse, because of fright caused by the approach of a train, fell into the cattle-guard, we are required to determine whether the

foregoing evidence has any tendency, when fairly considered, to establish such fact. It will be observed that the only fact which can be regarded as established is that the indications were that the horses were running before they reached and after they had passed the cattle-guard. This does not, in our opinion, constitute any evidence upon which the required presumption can be legitimately based. Horses become frightened for many causes; and, when not under control, run without any apparent reason. The presumption, then, that they were frightened by a train, is mere surmise or inference, which cannot be legitimately indulged, for the reason that there is no evidence upon which it can be based. We are unable to see any difference between this case and *Meade v. Kansas City, St. J. & C. B. R'y Co.*, 45 Iowa, 699.

Counsel for the appellee cite and rely on *Chicago & N. W. Railway Co. v. Dement*, 44 Ill., 75, and other like cases, where it clearly appeared, from the nature of the injury received by the animal, that it had been struck by a train of cars, and it was held that the plaintiff was entitled to recover, although no one saw the accident. In this class of cases there clearly was sufficient evidence from which the required inference or presumption could be legitimately drawn.

REVERSED.